**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PFIZER INC. and WYETH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MCNEIL-PPC, INC.,<br><br>Defendant. | ) | C.A. No. ____________________<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Pfizer Inc. and Wyeth LLC (collectively, "Pfizer"), by their undersigned attorneys, for their Complaint against Defendant McNeil-PPC, Inc. ("McNeil"), allege:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from McNeil's sales of certain heat patches that infringe Pfizer's U.S. Patent No. 5,918,590 (the "590 patent").

## THE PARTIES

2. Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 235 East 42nd Street, New York, New York.

3. Wyeth LLC is a Delaware limited liability company with a place of business at Five Giralda Farms, Madison, New Jersey. Wyeth LLC is a wholly owned subsidiary of Pfizer Inc.

4. Upon information and belief, McNeil-PPC, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 7050 Camp Hill Rd., Fort Washington, Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over McNeil by virtue of, inter alia: (1) its sales of consumer health care products, including the product that is the subject of this lawsuit, in Delaware, from which it derives substantial revenue, (2) its regular and purposeful availment of the benefits of the laws of the state Delaware and the Courts of this judicial district; (3) its regular transaction of business in Delaware; and (4) its prior consent to personal jurisdiction in the Courts of this judicial district.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE 590 PATENT

8. The 590 patent, entitled "Heat Cells," issued on July 6, 1999. A copy of the 590 patent is attached as Exhibit A.

9. At the time of its issue, the 590 patent was assigned to the Procter & Gamble Company. Wyeth LLC's predecessor, Wyeth, acquired the '590 patent from the Procter & Gamble Company in 2008. Wyeth LLC has held all right, title, and interest in and to the 590 patent since October 15, 2009, when Wyeth became Wyeth LLC.

10. The 590 patent is directed to and claims, inter alia, heat cells that contain a particular exothermic composition, and that have certain physical dimensions and fill characteristics. When incorporated into disposable body wraps, the claimed heat cells provide consistent, convenient, and comfortable heat, which is useful for treating temporary or chronic pain.

**COUNT FOR INFRINGEMENT OF THE 590 PATENT**

11. Pfizer hereby realleges and incorporates by reference the allegations of paragraphs 1-10 of this Complaint.

12. In June 2010, McNeil began selling certain heat wraps called the "Precise Pain Relieving Heat Patch." Specifically, McNeil sells a Precise-brand patch intended for use on an individual's "Back and Body," and a Precise-brand patch intended for use on an individual's "Arms, Neck, and Legs" (together, the "Infringing Products").

13. The Infringing Products fall within the scope of one or more of the claims of the 590 patent.

14. McNeil has infringed, and is presently infringing, the 590 patent under 35 U.S.C. § 271(a) and/or (b), by selling and offering to sell the Infringing Products in the United States, and by importing the Infringing Product into the United States.

15. Upon information and belief, McNeil was aware of the 590 patent before it began selling the Infringing Products at least because the 590 patent's number is clearly marked on the packaging of Thermacare®, Pfizer's competing heat wrap product.

16. Upon information and belief, McNeil began importing and selling the Infringing Products in the United States even though McNeil was aware of the 590 patent.

17. Upon information and belief, McNeil has intentionally induced others to sell and offer to sell the Infringing Products in the United States, thus infringing the 590 patent, even though McNeil was aware of the 590 patent.

18. Upon information and belief, McNeil's infringement of the 590 patent is willful, intentional, and deliberate.

19. Pfizer is entitled to damages under 35 U.S.C. § 284 for McNeil's infringement of the 590 patent.

20. Pfizer has no adequate remedy at law for McNeil's infringement and will be irreparably harmed if McNeil is not enjoined from infringing the 590 patent.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer prays for a judgment in its favor and against McNeil as follows:

A. That McNeil has infringed the 590 patent;

B. That Pfizer be awarded damages, and enhanced damages, for McNeil's sales of the Infringing Product within the United States, and for McNeil's importation of the Infringing Product into the United States, prior to the expiration of the 590 patent, including any extensions, such damages increased up to three times the amount found or assessed in accordance with 35 U.S.C. § 284 as a consequence of McNeil's willful infringement, and that any such damages be awarded to Pfizer with prejudgment interest;

C. That McNeil, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be enjoined from making, using, selling, or offering to sell the Infringing Product within the United States, or importing the Infringing Product into the United States, prior to the expiration of the 590 patent, including any extensions;

D. That Pfizer be awarded reasonable attorneys' fees, costs, and expenses because this is an exceptional case under 35 U.S.C. § 285; and

E. That Pfizer be awarded such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

OF COUNSEL:

Dimitrios T. Drivas
Adam Gahtan
Ryan P. Johnson
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

March 5, 2012